**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1755
_____

JEFFREY MARTEN, Appellant

v.

DALE HUNT, Correctional Officer sued in his individual and official capacity;
SECRETARY OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
ATTORNEY GENERAL OF PENNSYLVANIA, in his official capacity;
LIEUTENANT WILLIAM MCCONNELL; KEVIN LANTZ; OFFICER HEWITT;
OFFICER GRINELL, all sued in his official and individual capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-08-cv-00077)
Magistrate Judge:  Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2012
Before:  RENDELL, FUENTES and WEIS, Circuit Judges
(Opinion filed: May 2, 2012)
_____

OPINION
_____

PER CURIAM.

Jeffrey Marten, proceeding pro se, appeals from the District Court's order granting

the defendant's pre-trial motion for judgment as a matter of law pursuant to Rule 50(a) of

1

the Federal Rules of Civil Procedure. We conclude that the District Court's grant of judgment prior to trial was effectively a grant of summary judgment. We will affirm.

## I.

Marten is a Pennsylvania prisoner who was previously incarcerated at the State Correctional Institution in Albion (SCI-Albion). In March 2008, he filed a complaint pursuant to 42 U.S.C. § 1983 in the District Court alleging that Correctional Officer (C.O.) David Hunt and other members of the prison staff had taken a number of adverse actions against him in retaliation for his having filed two grievances and an "Inmate Request" in 2007. He further alleged that the defendants' conduct violated his equal protection and due process rights.

The defendants filed a motion to dismiss, or, in the alternative, for summary judgment arguing, inter alia, that Marten had failed to make out a prima facie case of retaliation against the defendants. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (explaining that a prisoner alleging retaliation must show that: (1) he engaged in constitutionally protected conduct; (2) an adverse action was taken against him by prison officials sufficient to deter him from exercising his constitutional rights; and (3) there is a causal link between the exercise of his constitutional rights and the adverse action taken against him). The District Court dismissed several of Marten's retaliation claims against several defendants, as well as his equal protection and due process claims, but permitted him to proceed with a retaliation claim against C.O. Hunt based on the following allegations:

2

a. October 16, 2007-at 10:30 am while [Marten] was on cell restriction, he pushed the call button to shower, but [C.O. Hunt] shut off the call button and refused to let [Marten] shower. Ten minutes later, Sergeant Zintz instructed [C.O. Hunt] to let [Marten] shower.

b. October 16, 2007-at 12:13 pm, [C.O. Hunt] conducted a general cell check. [CO Hunt] tells [Marten] "I'm going to continue doing what I'm doing until you're locked up." [C.O. Hunt] closed [Marten's] cell door with "extreme force," and "then looked through the cell door window and smiled."

c. October 25, 2007-[C.O. Hunt] entered [Marten's] cell and ordered him to withdraw the two grievances. [C.O. Hunt] warned that if [Marten] refused, he would have [Marten] locked up for threatening an officer.

d. October 26, 2007-[C.O. Hunt] issued [Marten] a fabricated misconduct which the hearing examiner ultimately dismissed.

e. October 27, 2007-[C.O. Hunt] entered [Marten's] cell while [Marten] was on the toilet, and stated "once you are locked up I will enjoy myself while archery hunting in Crawford County." Then, [C.O. Hunt] took [Marten's] toilet paper roll stating "Let's see you do without this."

f. On November 9, 2007, [C.O. Hunt] kicked [Marten's] cell door while [Marten] was sleeping in order to wake him up. Then [Marten] looked through the door, staring and smiling.

g. November 10, 2007-[C.O. Hunt] intentionally spilled coffee on the floor of [Marten's] cell, saying "Oh, well, file another grievance."

Marten v. Hunt, No. 08-77, 2011 WL 767815, at * 1 (W.D. Pa. Feb. 28, 2011). In determining that these allegations made out a prima facie case of retaliation, the District Court explained that "Defendant Hunt's ongoing verbal harassment, coupled with the allegations that Defendant Hunt demanded that [Marten] withdraw two grievances and that Defendant Hunt filed a false misconduct against him, are sufficiently severe enough

3

to deter a person of ordinary firmness from exercising his constitutional rights."
(Memorandum Op., Dist. Ct. Dkt # 32, at p. 12.)

In December 2009, following discovery, C.O. Hunt filed a motion for summary judgment in which he argued for a second time that Marten could not succeed on his retaliation claim because he "can never satisfy the second and third prongs of the retaliation test." (Motion, Dist. Ct. Dkt. # 48, at ¶ 5.a.) C.O. Hunt further argued that Marten had failed to create a genuine issue of fact because his allegations were "lies." (Aff., Dist. Ct. Dkt. # 48-1, ¶ 9.) The District Court denied the motion, again concluding that the allegations set forth in grounds (a) through (g) stated a prima facie case of retaliation. The District Court also disagreed with C.O. Hunt's argument that Marten had failed to create a genuine issue of fact, noting that Marten had submitted his own sworn affidavits in which he claimed that it was C.O. Hunt who was lying. Accordingly, the matter proceeded to trial.

Shortly before trial, however, C.O. Hunt filed another motion seeking dismissal of Marten's retaliation claim on the ground that his allegations were insufficient as a matter of law. As authority for the motion, C.O. Hunt relied on Rule 50(a) of the Federal Rules of Civil Procedure, which generally governs motions made during trial for judgment as a matter of law. See Fed. R. Civ. P. 50(a). In the motion, C.O. Hunt argued that ground (d) no longer supported a viable retaliation claim because this Court's recent decision in Brightwell v. Lehman, 637 F.3d 187, 194 (3d Cir. 2011), has made clear that a correctional officer's filing of a false misconduct report that is subsequently dismissed

4

does not rise to the level of "adverse action." C.O. Hunt further argued that, viewing the allegations of mere verbal harassment set forth in grounds (a), (b), and (e) through (g) independently, it becomes clear that they likewise fail to rise to the level of "adverse action." See Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997). Finally, C.O. Hunt argued that he was entitled to qualified immunity on Marten's remaining allegation that Hunt had ordered him to withdraw the two grievances that he had filed (ground (c)).

Following oral argument on the motion, the District Court dismissed the retaliation claim insofar as it relied on grounds (a), (b), and (d) through (g). The District Court agreed with C.O. Hunt that the filing of a false misconduct report that was subsequently dismissed cannot support a retaliation claim after this Court's decision in Brightwell, and that mere verbal threats do not constitute actionable adverse action. The District Court disagreed, however, with C.O. Hunt's argument that he was entitled to qualified immunity, and permitted Marten's remaining claim—that C.O. Hunt had ordered him to withdraw the two grievances that he had filed—to move forward. That claim proceeded to trial, but the jury ultimately entered a verdict in C.O. Hunt's favor. Marten now appeals from the District Court's order granting C.O. Hunt's motion for judgment as a matter of law.[1]

II.

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

5

Marten's primary argument on appeal is that the District Court erred in granting

C.O. Hunt's Rule 50(a) motion and dismissing the majority of his claims prior to trial.

Marten points out that Rule 50(a) presumes that a jury trial has begun, and that the non-

moving party "has been fully heard" on the issue prior to the court's ruling. See Fed. R.

Civ. P. 50(a)(1) (providing that the court may enter judgment as a matter of law "[i]f a

party has been fully heard on an issue during a jury trial and the court finds that a

reasonable jury would not have a legally sufficient evidentiary basis to find for the party

on that issue"). In this case, however, the District Court dismissed claims (a), (b), and (d)

through (g) before Marten had a chance to present evidence in support of them.

We construe the District Court's order as a grant of summary judgment and affirm

on that basis. The District Court concluded that none of Marten's allegations except

those set forth in ground (c) stated a retaliation claim as a matter of law. When a case

does not require the resolution of material facts, summary judgment is appropriate. See

Fed. R. Civ. P. 56. Since Marten had an opportunity to oppose C.O. Hunt's motion and

be heard at oral argument on the issues involved therein, we see no impediment to

treating the judgment below as a grant of summary judgment.[2] See Anderson v.

---

[2] To the extent that the District Court should have construed C.O. Hunt's motion as seeking leave to file a second motion for summary judgment, and then should have relied explicitly on Rule 56 in granting such motion, Marten was not prejudiced by the District Court's error because the standard for granting summary judgment is identical to that for granting judgment as a matter of law. Cf. Lentino v. Fringe Emp. Plans, Inc., 611 F.2d 474, 476 n.1 (3d Cir. 1979) (holding that, although Rule 50(a) motion should have been labeled a Rule 41(b) motion, the plaintiff was not prejudiced by this error because

Wachovia Mortg. Corp., 621 F.3d 261, 280 (3d Cir. 2010) (explaining that a court may enter summary judgment sua sponte provided that the losing party has been given adequate notice and opportunity to respond).  Based on our review of the record, that judgment was proper.

## III.

Accordingly, we will affirm.

---

satisfaction of the Rule 50(a) standard would imply satisfaction of the Rule 41(b) standard).